UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

          Plaintiff,

v.

BREANNE CARAWAY, et al.,

          Defendants.

Case No. 2:18-cv-001260-TSZ-BAT

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Plaintiff, a former Washington Department of Corrections (DOC) inmate, filed a 42 U.S.C. § 1983 civil rights action against several DOC officials and employees. Dkt. 6. Plaintiff is currently incarcerated in the Snohomish County Jail and moves the Court to appoint counsel. Dkt. 19. The Court **DENIES** the motion.

There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

Plaintiff argues the Court should appoint counsel because he cannot afford to hire counsel, his detention limits his ability to litigate, he lacks a copy of his complaint and does not know what he is litigating, and he has a "somatisation disorder." Dkt. 19. Plaintiff also states when he transferred to the Snohomish County Jail, he could not bring his legal materials. *Id.* Plaintiff has not established there are "exceptional circumstances" to support his request for appointment of counsel. Both his complaint and the instant motion demonstrate his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff's claimed somatisation disorder" has not impaired his ability to articulate his claims thus far. Plaintiff's complaints regarding limited access to the law library and limited knowledge of the law are not exceptional circumstances as he fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs. In addition, this is not a complex case involving complex facts or law. The complaint alleges that on one occasion, defendants did not bring plaintiff a newspaper. Appointment of counsel is thus not presently justified, and the Court **DENIES** the motion (Dkt. 19). The Clerk shall provide a copy of this Order to plaintiff and counsel for defendants. The clerk shall provide plaintiff a copy of his complaint, Dkt. 6.

DATED this 22nd day of January, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge