UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

           Plaintiff,

v.

BREANNE CARAWAY, et al.,

           Defendants.

CASE NO. 2:18-cv-01260-TSZ-BAT

**REPORT AND RECOMMENDATION**

In August 2018, plaintiff, a former inmate of the Washington State Department of Corrections filed a complaint seeking 42 U.S.C. § 1983 relief. Dkts. 1, 6. The complaint names as defendants Breanne Caraway, Jeff Stringham, Asen Deshev, and Jack Warner as defendants. The complaint alleges defendants violated plaintiff's rights on August 16, 2018, when a USA Today newspaper was not delivered to plaintiff. Dkt. 6 at 3.

In specific, the complaint alleges Mr. Stringham brought plaintiff his mail on August 16, 2018. *Id*. at 3. When plaintiff asked where his USA Today was, Mr. Stringham informed plaintiff "he was not allowed to have it." *Id.* Shortly thereafter, plaintiff claims he tried to discuss the matter with Ms. Caraway "but, she only remained silent." *Id.* Plaintiff also alleges he tried to address the matter with Mr. Deshev and Mr. Warner "but, they refused to take any action." *Id.* The complaint further alleges "Plaintiff Eckard is unable to exhaust his legal remedies due to a pending release date. He will be released in two weeks. *Id*. at 4.

REPORT AND RECOMMENDATION - 1

1   On December 27, 2018, defendants filed a motion to dismiss. Dkt. 16. Plaintiff moved for
2   an extension of time to respond, and the Court extended the time to respond to February 5, 2019,
3   and renoted the motion to dismiss for February 8, 2019. Dkts. 18, 21. On February 4, 2019,
4   plaintiff filed a response to the motion to dismiss. Dkt. 22.

5   In his response, plaintiff does not dispute the fact that he did not file a grievance or make
6   any attempt to exhaust his administrative remedies. He contends, however, that he is not required
7   to exhaust his remedies because the alleged incident occurred within ten business days of
8   plaintiff's release, and therefore there was not enough time for plaintiff to fully exhaust his
9   administrative remedies. Dkt. 22 at 1. In support, plaintiff contends that filing a grievance
10  regarding his newspaper would have been futile. Plaintiff contends the institution is allowed a set
11  number of days to respond to a grievance and that given his release date, he would have been
12  released by the time defendants were required to respond the grievance. *Id*. at 2. He argues that
13  this excuses him from exhausting his administrative remedies.

14  The Court having reviewed the parties' pleadings and the balance of the record
15  recommends that Defendant's Motion to Dismiss be granted. As discussed below, there is no
16  dispute plaintiff did not file a grievance regarding the undelivered newspaper and in fact made
17  no attempt to exhaust his remedies. As such, the Court recommends the case be dismissed
18  without prejudice.

19  **STANDARDS OF REVIEW**

20  **1.    Motion to Dismiss**

21  Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing plaintiff failed to
22  exhaust his administrative remedies. Dkt. 16. Normally, the proper vehicle for challenging a
23  complaint based on failure to exhaust administrative remedies is a motion for summary judgment

REPORT AND RECOMMENDATION - 2

under Federal Rule of Civil Procedure ("FRCP") 56. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (*overruling Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which held that the proper procedural device for defendants to raise an exhaustion defense was an unenumerated FRCP 12(b)(6) motion to dismiss). However, "in the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166.

Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id. "If under the Rule 56 summary judgment standard, the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice." *Wyatt*, 315 F.3d at 1120, *overruled on other grounds by Albino*, 747 F.3d 1162).

**2.    The Exhaustion Requirement**

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is a mandatory prerequisite to filing suit in federal court. *Id*. The exhaustion requirement applies to any suit, brought under any federal statute, regarding conditions of imprisonment, including "all prisoners seeking redress for prison circumstances and occurrences . . . whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

REPORT AND RECOMMENDATION - 3

wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (same).

Congress intended the PLRA to apply to all federal laws with respect to prisoner suits, with the intent that prison officials would have the first opportunity to address prison conditions. *Porter*, 534 U.S. at 524-25. Exhaustion "cannot be waived, even when the process is futile or inadequate." *Keal v. Washington*, Case No. C05-5737 RJB, 2006 WL 2222337 at *3 (W.D. Wash., Aug. 2, 2006); *see also Porter*, 534 U.S. at 524 (exhaustion is mandatory).

**C.    Plaintiff failed to Properly Exhaust his Administrative Remedies**

Here, it is clear from the face of the complaint that plaintiff failed to exhaust his administrative remedies. Dkt. 6. The complaint indicates plaintiff did not exhaust his remedies and as plaintiff indicates in his response to the motion to dismiss, he did not file a grievance regarding the undelivered newspaper and made no attempt to exhaust his remedies. Plaintiff has an explanation for this failure. He argues the reason he made no attempt to exhaust his remedies is that in his estimation, by the time the defendants were required to respond to the grievance, plaintiff would have been released from incarceration. Plaintiff's argument fails.

This is not a case in which plaintiff could not file a grievance and begin the process of exhausting his administrative remedies. A prisoner cannot be excused from the exhaustion requirement unless the prisoner establishes that administrative grievance procedures are unavailable or that the prison prevented the prisoner from exhausting his remedies. *See Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir.2008). As plaintiff's response to the motion to dismiss acknowledges, the institution in which was held has a grievance process. There can be no dispute that plaintiff could have filed a grievance over the undelivered newspaper but by his own admission chose not to do so.

REPORT AND RECOMMENDATION - 4

The Court also notes that the alleged incident occurred on August 16, 2018, and that rather than attempt to exhaust his remedies, plaintiff instead prepared the instant complaint, dating it August 19, 2018. The complaint alleges plaintiff would be released in two weeks, i.e. September 2, 2018. According to the response plaintiff filed, it takes 15 days for the institution to respond to a grievance. Thus had plaintiff grieved the non-delivery of the newspaper on August 16, 2018, a response would have been due August 31, 2018, and plaintiff would have learned before he left the institution whether his grievance had or had not been satisfactorily resolved. Instead he decided not to grieve.

Additionally, plaintiff's belief that the inability to fully complete the grievance process excuses the failure to meet the exhaustion requirement is misplaced. All prisoners, including plaintiff, are required to take reasonable steps to exhaust administrative remedies. If plaintiff had filed the grievance, his release from imprisonment and failure to completely exhaust his administrative remedies would be excused. *See e.g. Nunez v. Duncan,* 591 F.3d 1217, 1226 (9th Cir. 2010) (holding inmate's failure to exhaust his administrative remedies was excused because he took reasonable steps to exhaust his claim and was precluded from exhausting, not through fault of his own but by the Warden's mistake). But instead, plaintiff decided not to file any grievance, and thus took no steps, let alone reasonable steps, to exhaust his administrative remedies.

In short, there is no dispute plaintiff intentionally decided not take any steps to exhaust his administrative remedies. Plaintiff's belief that he need not take any steps to exhaust are contrary to the requirement that every prisoner must take reasonable steps to exhaust administrative remedies. As plaintiff acknowledges he took no steps to exhaust his remedies, the complaint should be dismissed without prejudice.

REPORT AND RECOMMENDATION - 5

**CONCLUSION**

For the foregoing reasons the Court recommends Defendants' motion to dismiss be granted and the complaint be dismissed without prejudice.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 7, 2019.** The Clerk should note the matter for **March 8, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due.

Objections and responses shall not exceed eight **(8)** pages. The failure to timely object may affect the right to appeal.

DATED this 20th day of February, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 6